# CIRCUIT COURT OF BUCKINGHAM COUNTY

Curtis Dixon Colgate, et al.

v.

The Disthene Group, Inc., et al.

Case No. CL10-85

By Judge Jane Marum Roush

January 4, 2011

On November 15, 2010, the parties, by counsel, appeared on various motions filed by the parties, and argument of counsel was heard. Upon consideration thereof and the parties' pleadings and memoranda and for the reasons stated on the record, which is incorporated herein, it is ordered as follows.

Plaintiffs' Motion and Amended Motion To Disqualify Troutman Sanders, L.L.P., is denied. The court finds that Peaceful Valley, Limited Partnership, was not a client of Troutman Sanders, L.L.P. The court further finds that, under the facts and circumstances of this case, there is no conflict of interest among Defendants in this case.

Defendants' Demurrer is sustained without leave to amend as to Counts II, III, and IV of the Complaint because these claims cannot be brought in conjunction with a dissolution action. The Court further finds that Count II alleges a cause of action not recognized in Virginia. Defendants Kyanite Mining Corporation, Cavalier Hotel Corporation, Blue Rock Resources, L.L.C., Gene Dixon, Jr., Guy Bishop Dixon, Erica Vail Dixon, Arch Huddle Dixon, Barbara Dixon, Daniel P. Batchelor, Herbert B. Jones, Joseph H. Jamerson, Jr., Ron D. Hudgins, and Elizabeth M. Steger are dismissed as parties to this case. Defendants' Demurrer to Court I is overruled.

Gene Dixon, Jr., and Guy Dixon's Emergency Motion to Strike Paragraphs 1-4 and 54-68 of the Complaint, To Seal the Complaint, To Order Filing of Amended Complaint, and To Rule *in Limine* is denied.

Defendant's Motions for a Protective Order and to Quash or Modify Subpoenas is granted in part. It is ordered that Plaintiffs' discovery to

Defendant, The Disthene Group, Inc., and the non-parties to whom Plaintiffs issued subpoenas *duce tecum*, in general, is limited in time to the past ten years. However, if there is some specific, very targeted discovery that needs to go beyond the ten years, for example dividends declared since 1988, the Court is sure The Disthene Group, Inc. ("Disthene") will consider such requests. It is further ordered that Defendants' Motion for a Protective Order regarding discovery of backup tapes is granted *in toto*. Plaintiffs are not entitled to general discovery of the backup tapes in the possession of Disthene or its subsidiaries. If there is some specific item that Plaintiffs think might be on the backup tapes and the information cannot be obtained from another source, Disthene will entertain a request of trying to find that information. The Court finds that the production of the backup tapes is unduly costly and burdensome. It is further ordered that Disthene will respond to discovery and begin producing documents within thirty days from the date of the hearing.

The Disthene Group, Inc.'s Motion for Appointment of an Independent Panel and a Stay of Proceedings is denied as moot based on the other rulings of the Court.

The Disthene Group, Inc's Motion for an Extension of Time To Elect To Purchase Shares is denied.

July 18, 2011

Upon the notice of Curtis Dixon Colgate, Sharon Marie Newcomb, Marion J. Colgate, Sr., and Peaceful Valley, Limited Partnership, by counsel, to nonsuit this action pursuant to Va. Code § 8.01-380 and it appearing to the Court that, since no prior nonsuit has been taken, Plaintiffs have the right to take a voluntary nonsuit as a matter of law, it is hereby ordered and adjudged that the Complaint filed herein be and the same is nonsuited and dismissed without prejudice pursuant to § 8.01-380 of the Virginia Code, as amended.

The Clerk is directed to send a certified copy of this Order to all counsel of record.